IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| VIVIAN SLIGH,                   ) | CIVIL ACTION NO. 9:10-0485-CMC-BM |
| )| |
| Plaintiff,          ) | |
| ) | |
| v.                                ) | **REPORT AND RECOMMENDATION** |
| ) | |
| MICHAEL J. ASTRUE,        ) | |
| COMMISSIONER OF SOCIAL  ) | |
| SECURITY ADMINISTRATION, ) | |
| ) | |
| Defendant.       ) | |
| _____) | |

The Plaintiff filed the complaint in this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner wherein she was denied disability benefits. This case was referred to the undersigned for a report and recommendation pursuant to Local Rule 73.02(B)(2)(a), (D.S.C.).

Plaintiff filed applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI)[1] on February 10, 2006, alleging disability as of December 23, 2004 due to

---

[1]For purposes of DIB eligibility, a claimant must show that he or she became disabled prior to the expiration of his or her insured status. See 42 U.S.C. § 423(c); 20 C.F.R. § 404.101 (2009). Under SSI, the claimant's entitlement to benefits (assuming they establish disability) begins the month following the date of filing the application forward. Pariseau v. Astrue, No. 07-268, 2008 WL 2414851, * 13 (D.R.I. June 13, 2008); see 20 C.F.R. § § 416.202(g), 416.203(b), 416.335 (2009). Therefore, while the definition of disability is the same under both DIB and SSI; Emberlin v. Astrue, No. 06-4136, 2008 WL 565185, at * 1 n. 3 (D.S.D. Feb. 29, 2008); "[a]n applicant who cannot establish that she was disabled during the insured period for DIB may still receive SSI benefits if she can establish that she is disabled and has limited means." Sienkiewicz v. Barnhart, No. 04-1542, 2005 WL 83841, at ** 3 (7th Cir. Jan. 6, 2005). See also Splude v. Apfel, 165 F.3d 85, 87 (1st Cir.
(continued...)



chronic back pain with attendant residuals. (R.pp. 105-107, 111-117, 129-130, 177). Plaintiff's claims were denied initially and upon reconsideration. Plaintiff then requested a hearing before an Administrative Law Judge (ALJ), which was held on November 12, 2008. (R.pp. 30-62). The ALJ thereafter denied Plaintiff's claims in a decision issued December 16, 2008. (R.pp. 14-27). The Appeals Council denied Plaintiff's request for a review of the ALJ's decision. (R.pp. 5-7). The Appeals Council subsequently set aside this denial to consider additional information, but then again denied review, thereby making the determination of the ALJ the final decision of the Commissioner. (R.pp. 1-4).

Plaintiff then filed this action in United States District Court. Plaintiff asserts that there is not substantial evidence to support the ALJ's decision, and that the decision should be reversed and remanded for further consideration, or for an outright award of benefits. In addition to a brief and reply brief, Plaintiff has also filed a separate motion for remand as a result of alleged new and material evidence. The Commissioner contends that the decision to deny benefits is supported by substantial evidence, that remand for consideration of allegedly new and material evidence is not justified, and that Plaintiff was properly found not to be disabled.

**Scope of review**

Under 42 U.S.C. § 405(g), the Court's scope of review is limited to (1) whether the Commissioner's decision is supported by substantial evidence, and (2) whether the ultimate conclusions reached by the Commissioner are legally correct under controlling law. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); Richardson v. Califano, 574 F.2d 802, 803 (4th Cir. 1978); Myers v. Califano, 611 F.2d 980, 982-983 (4th Cir. 1980). If the record contains substantial

---

[1](...continued)
1999)[Discussing the difference between DIB and SSI benefits].



evidence to support the Commissioner's decision, it is the court's duty to affirm the decision. Substantial evidence has been defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. **If there is evidence to justify refusal to direct a verdict were the case before a jury, then there is "substantial evidence."** [emphasis added].

Hays, 907 F.2d at 1456 (citing Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966)).

The Court lacks the authority to substitute its own judgment for that of the Commissioner. Laws, 368 F.2d at 642. "[T]he language of [405(g)] precludes a de novo judicial proceeding and requires that the court uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by substantial evidence." Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

**Discussion**

A review of the record shows that Plaintiff, who was thirty-four (34) years old when she alleges she became disabled, has a high school education with past relevant work experience as a material handler, wood chip operator, and cleaner. (R.pp. 34, 36, 57-58, 105, 111, 118-124, 130, 135, 141-148). In order to be considered "disabled" within the meaning of the Social Security Act, Plaintiff must show that she has an impairment or combination of impairments which prevent her from engaging in all substantial gainful activity for which she is qualified by her age, education, experience and functional capacity, and which has lasted or could reasonably be expected to last for at least twelve (12) consecutive months. After a review of the evidence and testimony in the case, the ALJ determined that, although Plaintiff does suffer from the "severe" impairment[2] of lumbar disc

---

[2]An impairment is "severe" if it significantly limits a claimant's physical or mental ability to do
(continued...)



disease with radiculopathy with status post microdiscectomy in June 2004 and fusion in March 2007, rendering her unable to perform any of her past relevant work, she nevertheless retains the residual functional capacity (RFC) to perform a limited range of sedentary work[3], and was therefore not entitled to disability benefits. (R.pp. 19, 21, 25-27).

Plaintiff asserts that in reaching this decision, the ALJ erred by failing to properly consider all of her impairments and the effect of her pain on her ability to work, by finding Plaintiff's subjective testimony not to be credible, by failing to consider that she must have been disabled during the time she was undergoing her operations, and by failing to comply with the requirements of SSR 00-4p. Plaintiff further asserts that new evidence was submitted to the Appeals Council for consideration as part of her appeal, and that in dismissing her appeal the Appeals Council erred by not making a finding as to the weight or credibility given to this new evidence. Finally, in her motion for remand, Plaintiff argues that "new and material evidence" in the case (in the form of a favorable decision by an Administrative Law Judge in a subsequent claim for disability benefits by the Plaintiff) requires remand for consideration of this new evidence.

After careful review and consideration of the arguments and evidence presented, the undersigned is constrained to agree with the Plaintiff that the Appeals Council committed reversible error by failing to make the necessary findings with respect to the new evidence submitted to that body, necessitating a remand in this case.

---

[2](...continued)
basic work activities. See 20 C.F.R. § 404.1521(a); Bowen v. Yuckert, 482 U.S. 137, 140-142 (1987).

[3]Sedentary work is defined as lifting no more than 10 pounds at a time and occasionally lifting and carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met. 20 C.F.R. § 404.1567(a) (2005).

4



# I.

Plaintiff's treating physicians were Dr. Sumeer Lal and Dr. Corey Hunt. Dr. Hunt diagnosed Plaintiff with fibromyalgia, intervertebral disc disorder with myelopathy in the lumbar region, pain syndrome, and post laminectomy syndrom of the lumbar region. See generally, R.pp. 242-243, 246-247, 250-257, 317-318). Dr. Lal, a surgeon, performed surgery on the Plaintiff on March 8, 2007 that included an L4 laminectomy, reexploration of L4-5, L4-5 posterior lumbar interbody fusion using Peak cages, posterior nonsegmental instrumentation, application of prostatic devices or Peak cages at L4-5, arthrodesis at L4-5 with autograft, frameless computer assisted sterotaxis or fluoronavigation, and an electromyogram. (R.pp. 339-395, 401-410, 419-448). By December 20, 2007, Dr. Lal opined that Plaintiff was a lot better than she had been preoperatively, but that she would always have some pain. (R.p. 461). On May 28, 2008, Dr. Lal opined that Plaintiff would be disabled through November 18, 2008. (R.pp. 474-475).

In his decision, the ALJ determined that Plaintiff could perform sedentary work with occasional pushing and pulling with the left leg and allowance for alternating sitting and standing at one-hour intervals. He also found that Plaintiff should never climb ladders, ropes, or scaffolds; kneel; or crawl; but that she could occasionally climb ramps and stairs; stoop; and crouch; and that because of her pain and side effects of medications she would be limited to the performance of simple routine work. (R.p. 21). In making these findings, the ALJ discussed the findings and opinions of both Dr. Lal and Dr. Hunt and relied on that evidence in reaching his decision, specifically finding that no treating or examining physician (including Dr. Hunt and Dr. Lal) had reported limitations which would reasonably limit the performance of a wide range of sedentary work that allowed for alternating positions or which would suggest precipitation or aggravation of



symptoms with such activity.  See generally, (R.pp. 21-25).

**II.**

Following the issuance of the ALJ's decision on December 16, 2008, Plaintiff obtained additional evidence which she submitted to the Appeals Council as part of her request for review of the ALJ's decision.  This new evidence included addition information from Dr. Lal dated from early 2009 wherein he stated that, as compared to Plaintiff's last visit on May 22, 2008, she was experiencing more left leg pain and complaints of lower back discomfort, and that if she attempted to work she most probably would have to rest away from the work station for significantly more than an hour during the work day, would most probably would have to miss more than three (3) days of work per month, and would most probably have problems with attention and concentration sufficient to frequently interrupt tasks during the work day.  Dr. Lal stated that his opinions were based on Plaintiff's test results and clinical evaluations.  (R.pp. 481-482, 487).

Plaintiff's new evidence also included a statement from Dr. Hunt dated December 2, 2009, in which he reviewed his treatment of the Plaintiff in the period 2004 through 2006 and opined that if Plaintiff "were working inside and she were limited to activity where she would be allowed to stand up or sit down at will to relieve her back pain, I still think she would have missed more than 3 days of work per month due to her periodic spells of acute back pain that were brought on with activity."  (R.pp. 484-485, 488).

Finally, this new evidence included a statement from Dr. Jorge Garcia, in which he stated that he had seen Plaintiff in 2006, once in 2007, and then again beginning in 2009.[4]  Dr. Garcia

---

[4]Although Plaintiff contends that Dr. Garcia is a treating physician, it is not clear whether the period of his treatment of the Plaintiff during the relevant time period would have made him a treating physician.  Doyal v. Barnhardt, 331 F.3d 758, 762 (10th Cir. 2003)["The treating physician
(continued...)



6

stated that Plaintiff was suffering from depression, and that he had prescribed Lyrica and Zyprexa for this condition. Dr. Garcia also opines that there is nothing that can be done for Plaintiff now except to manage her pain and depression, and that he does not think that Plaintiff would be able to work an eight hour shift. Dr. Garcia opines that Plaintiff would need to rest away from the workstation and lie down in a recumbent position frequently throughout the day due to her chronic pain, and would have significant difficulty concentrating on even simple tasks. (R.p. 489).

### III.

Pursuant to 20 C.F.R. §404.970

> (b) If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision. The Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision. It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.

20 C.F.R. § 404.970(b).

In order to be "new" evidence, the evidence must not be "duplicative or cumulative"; and in order to be "material", there must be a "reasonable possibility that it would have changed the outcome". Wilkins v. Secretary of Health & Human Servs., 953 F.2d 93, 96 (4th Cir. 1991).

Here, the new evidence at issue consists of statements from two of Plaintiff's treating physicians in which they give opinions as to Plaintiff's ability to perform work activity. There is also

---

⁴(...continued)
doctrine is based on the assumption that a medical physician . . . has dealt with claimant and his maladies over a long period of time . . . . A physician's opinion is therefore not entitled to controlling weight on the basis of a fleeting relationship, or merely because the claimant designates the physician as [his] treating source."]; see also 20 C.F.R. § 416.927(d)(2)(i), (ii) [In considering the weight of a physician's opinion, the Social Security Regulations look to the "length of the treatment relationship and the frequency of examination . . . ."].



7

an additional statement from a physician whose medical records were not available to the ALJ, but which were also not submitted to the Appeals Council. In its order rejecting this new evidence, the Appeals Council stated only that: "After considering the additional information, we found no reason under our rules to review the Administrative Law Judge's decision. Therefore, we have denied your request for review. (R.p. 1). No further discussion or analysis was provided, which Plaintiff contends constitutes reversible error.

There is considerable debate in this Circuit, and indeed in this District, as to whether the Appeals Council must articulate a *reason* for its decision not to grant review. Cf. Freeman v. Halter, 15 Fed. Appx. 87 at * 2 (4th Cir. July 27, 2001)[Affirming decision even though Appeals Council did not provide detailed reasons for finding new evidence did not provide a basis for changing the ALJ's decision.]; Hollar v. Commissioner of the Social Security Administration, No. 98-2748, 1999 WL 753999, at **1 (4th Cir. Sept. 23, 1999), citing Browning v. Sullivan, 958 F.2d 817, 822 (8th Cir. 1992) and 20 C.F.R. § 404.970(b) (1999); Ridings v. Apfel, 76 F.Supp.2d 707, 709 (W.D.Va. 1999); Harmon v. Apfel, 103 F.Supp.2d 869, 872-875 (D.S.C. 2000); Riley v. Apfel, 88 F.Supp.2d 572, 579-580 (W.D.Va. 2000); Alexander v. Apfel, 14 F.Supp.2d 839 (W.D.Va. 1998); see also Jordan v. Califano, 582 F.2d 1333, 1335 (4th Cir. 1978) ["A bald conclusion unsupported by reasoning or evidence, is generally of no use to a reviewing court...."]; Cf. Suber v. Commissioner, 640 F.Supp. 684, 687-688 (D.S.C. 2009)[remanding where appeals council failed to articulate reasons for rejecting evidence]; Thomas v. Commissioner, 24 Fed. Appx. 158, 162 (4th Cir. Dec. 17, 2001)(quoting Riley v. Apfel, 88 F.Supp.2d 572, 579-580 (W.D.Va. 2000)["When this court is left in the dark as to how the Appeals Council treated the new evidenced a meaningful judicial review is impossible."]; Belue v. Astrue, No. 09-942, 2010 WL 3734714 at * 3 (D.S.C. Sept.



20, 2010)[remanding for specific findings from appeals council]; Wheelock v. Astrue, 07-3786, 2009 WL 250031 at * 9 (D.S.C. Feb. 3, 2009)[remanding because Appeals Council failed to articulate reasons for rejecting evidence].  Some courts have even taken a middle position, indicating that whether a more detailed explanation is required may depend on the nature of the evidence submitted.  See Smart v. Barnhart, 2004 WL 289152, at *3, n. 2 (D.S.C. December 7, 2004); Blanton v Astrue, No. 07-380, 2008 WL 793601 at * 16 (D.S.C. Mar. 25, 2008)[Affirming decision where a detailed discussion about the newly submitted evidence was not provided by the Appeals Council].

        The greater weight of recent authority favors remand where the Appeals Council fails to give a detailed explanation of why evidence is rejected, and the undersigned concludes that under the specific facts of this case, remand is warranted.  Although Dr. Hunt and Dr. Lal were both treating physicians on whose opinions the ALJ specifically relied in reaching his decision, the Commissioner argues that the Appeals Council was justified in rejecting this new evidence because these physicians' new statements were not consistent with their own treatment records as well as the other medical evidence.  The Commissioner also argues that, other than to summarize medical records from prior to the ALJ's decision, none of the three (3) physicians sufficiently related their opinions back to the relevant time period.  However, while these may or may not be valid arguments for why the Appeals Council took the action that it did, since the Appeals Council did not itself state why this new information, from treating physicians on whose opinions the ALJ had specifically relied in reaching his decision, did not provide a basis for changing the ALJ's decision, the Commissioner's argument for why this new evidence was rejected is nothing more than mere speculation.  See Algonquin Gas Transmission Co. v. FERC, 948 F.2d 1305, 1316 (D.C.Cir. 1991) (citing Motor Vehicles Mfrs. Ass'n v. State Farm Mut.Auto Ins. Co., 463 U.S. 29, 50 (1983) ["courts



may not accept appellate counsel's post hoc rationalizations for agency action."]).

The Appeals Council did not itself specify a reason for rejecting this evidence, nor did it explicitly indicate the weight given to the evidence. Absent such reasoning, this Court is unable to engage in any meaningful review. Harmon, 103 F.Supp.2d at 873 ["Commissioner must indicate explicitly the weight of all relevant evidence because it is not within the province of a reviewing court to determine the weight of the evidence"]; cf. Roberts v. Astrue, No. 09-1607, 2010 WL 2522995, at * 5 (D.S.C. May 14, 2010); Wheelock v. Astrue, No. 07-3786, 2009 WL 250031, at * 8 (D.S.C. Feb. 3, 2009)[Remanding case to obtain assessment of new and material evidence presented by Plaintiff to the Appeals Council where Appeals Council did not specify a reason for rejecting it or explicitly indicating the weight given to that evidence]. Therefore, under the facts of this particular case, remand is required in order to have a finding made as to the weight to be given to this new evidence and, if appropriate, the reasons for the Commissioner's rejection of a treating physician's opinion. See Craig v. Chater, 76 F.3d 585, 589-590 (4th Cir. 1996)[Noting importance to be accorded treating physician's opinion]; cf. Cotter v. Harris, 642 F.2d 700 (3rd Cir. 1981) [listing cases remanded because of failure to provide explanation or reason for rejecting or not addressing relevant probative evidence].

## Conclusion

Based on the foregoing, and pursuant to the power of this Court to enter a judgment under Sentence Four of 42 U.S.C. § 405(g), it is recommended that the decision of the Commissioner be **reversed**, and that this case be **remanded** to the Commissioner for further administrative action as is set forth hereinabove. See Shalala v. Schaefer, 113 S.Ct. 2625 (1993).



The parties are referred to the notice page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

April 22, 2011
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

