**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION**

| | |
|---|---|
| Vivian Sligh, ) | C/A No. 9:10-485-CMC |
| ) | |
| Plaintiff, ) | |
| v. ) | **ORDER** |
| ) | |
| Michael J. Astrue, ) | |
| Commissioner of Social Security Administration, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Through this action, Plaintiff seeks judicial review of the final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits ("DIB"). Plaintiff appealed pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). The matter is currently before the court for review of the Report and Recommendation ("Report") of Magistrate Judge Bristow Marchant, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rules 73.02(B)(2)(a) and 83.VII.02, *et seq.*, D.S.C. and filed on April 22, 2011. For the reasons set forth below, the court adopts the Report and remands the case to the Commissioner to make a finding as to the weight to be given to new evidence and further proceedings as appropriate.

**STANDARD**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to her with instructions. 28 U.S.C. § 636(b)(1).

1

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze,* 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

## BACKGROUND

Plaintiff applied for DIB and Supplemental Security Income ("SSI") on February 10, 2006, alleging disability as of December 23, 2004 due to chronic back pain with attendant residuals. Tr. 105-07, 111-17, 129-30, 177. The ALJ, in a decision issued December 16, 2008, found Plaintiff not disabled and denied her claims. Tr. 14-27. The Appeals Council initially denied Plaintiff's request for review of the ALJ's decision but subsequently set aside this denial to consider new evidence presented by Plaintiff. Tr. 1. This new evidence included statements from two of Plaintiff's treating physicians in which they gave opinions as to Plaintiff's ability to perform work activity and an

additional statement from another physician. The Appeals Council, after considering the additional information, found no reason to review the ALJ's decision and, again, denied Plaintiff's request for review. *Id.* Plaintiff then filed this action asserting that there is not substantial evidence to support the ALJ's decision and that the decision should be reversed and remanded for further consideration, or for an outright award of benefits. Dkt. No. 12. In addition to a brief and reply brief, Plaintiff has also filed a separate motion for remand as a result of alleged new and material evidence. Dkt. No. 16.

## DISCUSSION

**Adopting the Report.** The Report recommends remand because, even though the regulations require that the Appeals Council adhere to a particular standard in considering new evidence[1], the Appeals Council failed to articulate a reason for its decision not to grant review based on Plainitff's new evidence. Dkt. No. 18 at 10. In its notice, the Appeals Council stated only that: "After considering the additional information, we found no reason under our rules to review the [ALJ]'s decision. Therefore, we have denied your request for review." Tr. 1. The Report states that because the Appeals Council did not specify a reason for rejecting Plaintiff's evidence or indicate the weight given to the evidence, the court is unable to engage in any meaningful review. Dkt. No.

---

[1] Pursuant to 20 C.F.R. § 404.970(b)
> If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision. The Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision. It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.

20 C.F.R. § 404.970(b). "When a claimant seeks to present new evidence to the Appeals Council, she is not required to show good cause for failing to present the evidence earlier." *Wilkins v. Sec'y. Dep't of Health & Human Servs.*, 953 F.2d 93, 96 n.3 (4th Cir. 1991).

18 at 10. Defendant filed objections arguing that the Appeals Council was not required to provide detailed reasons for denying Plaintiff's request for review (Dkt. No. 21 (citing *Hollar v. Comm'r of Soc. Sec. Admin*, 194 F.3d 1304 (4th Cir. 1999) (unpublished)) and that the evidence submitted with Plaintiff's request for review did not render the ALJ's decision contrary to the weight of the evidence.

As stated in the Report, there is considerable debate in the Fourth Circuit and in the District of South Carolina as to whether the Appeals Council must articulate a reason for its decision not to grant review upon receipt of additional evidence. *See* Dkt. No. 18 at 8-9. Having reviewed the Report, Defendant's objections, and the relevant case law, the court agrees with the Report that under the specific facts of this case, remand is warranted.

In making his decision to deny benefits, the ALJ noted that none of the medical evidence or reports from treating or examining physicians indicated Plaintiff had ongoing impairments that precluded sedentary work. Tr. 25. The new evidence presented to the Appeals Council consists of records from Plaintiff's treating and examining physicians specifically discussing Plaintiff's ongoing limitations during the period on or before the ALJ's decision that would limit her performance of a wide range of sedentary work.[2] Tr. 481-89. However, without any explanation from the Appeals Council regarding why the ALJ's decision is not contrary to "the weight of the evidence currently

---

[2] In his brief and objections, Defendant argues that the Appeals Council was justified in rejecting this new evidence because it was not consistent with other medical evidence in the record and that, other than to summarize medical records from before the ALJ's decision, the reports did not sufficiently relate back to the relevant time period. Dkt. Nos. 13 at 26-32 and 12 at 3-7. As the Report states, while Defendant's arguments may be valid, they are nothing more than speculation. Dkt. No. 18 at 9 (citing *Motor Vehicles Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 50 (1983) ("courts may not accept appellate counsel's post hoc rationalizations for agency action").

of record," this court cannot determine whether the decision is supported by substantial evidence.[3] Therefore, remand is required for a finding as to the weight to be accorded this new evidence and, if appropriate, the reasons for rejecting a treating physician's opinion.[4]

## CONCLUSION

For the reasons stated above, the court adopts the Report, reverses the decision of the Commissioner pursuant to sentence four of 42 U.S.C. §§ 405(g) and 1383(c)(3), and remands the case to the Commissioner to make a finding as to the weight to be given to new evidence and further proceedings as appropriate. This renders moot the pending motion. *See supra* n.4.

**IT IS SO ORDERED.**

                                              s/ Cameron McGowan Currie
                                              CAMERON MCGOWAN CURRIE
                                              UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
May 31, 2011

---

[3] As the court noted in *Harmon v. Apfel*, when the Appeals Council fails to articulate reasons for rejecting new evidence, "the court is caught between trying to provide a meaningful judicial review of evidence not considered by the fact finder, while avoiding actually performing the task of weighing and resolving conflicts in the evidence, which is, of course, the function of the ALJ." 103 F. Supp. 2d 869, 872 (D.S.C. 2000).

[4] As stated above, Plaintiff has filed a separate motion for remand as a result of alleged new and material evidence pursuant to sentence six of 42 U.S.C. § 405(g). Dkt. No. 16. The court may remand a case to the Commissioner under sentence four or sentence six of 42 U.S.C. § 405(g). *Sargent v. Sullivan*, 941 F.2d 1207 (4th Cir. 1991) (unpublished). For the reasons set forth above, the court is remanding this matter under sentence four. Upon remand the ALJ will review the case on a complete record, including any new and material evidence (*see Smith v. Heckler*, 782 F.2d 1176, 1182 (4th Cir. 1986)), thus giving Plaintiff the opportunity to present the evidence discussed in her motion and rendering her motion moot.